

IN THE
TENTH COURT OF APPEALS

No. 10-13-00394-CR

MARCO POLO MEDINA-GONZALEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-2077-C2

## MEMORANDUM OPINION

Marco Polo Medina-Gonzalez, Medina as he is referred to by his trial and appellate counsel, was convicted by a jury of the offenses of Aggravated Kidnapping, and Aggravated Robbery. TEX. PENAL CODE ANN. §§ 20.04; 29.03 (West 2011). He pled guilty to an additional charge of Evading Detention. TEX. PENAL CODE ANN. § 38.04 (West 2011). Medina was sentenced to 80 years in prison for aggravated kidnapping, 80 years in prison for aggravated robbery, and 10 years in prison for evading detention.

Because the trial court did not err in its charge to the jury, we affirm the trial court's judgments as to Count I and Count II.[1]

BACKGROUND

Jose Ruben Valdez was closing the grocery store one night where he was an assistant manager. At a stop light on his way home, a vehicle stopped within inches of the back of Valdez's car. At the next stop light, the vehicle lightly bumped Valdez's car and then swerved around Valdez and came to a stop in front of Valdez. Two men in camouflage and masks exited the front and back passenger side of the vehicle. One, with a rifle, stuck the rifle in Valdez's face and ordered him out of the vehicle. That assailant grabbed Valdez by the hair, pulled him out of his car, and shoved him in the back seat. That assailant then got in the driver's seat of Valdez's car. The other assailant got in the back seat with Valdez and beat him in the head with a hand gun.

The group drove around for what seemed to be a long time and stopped at the grocery store where Valdez worked. He was removed from the car and told to unlock the store. Once the keys were retrieved from the car, Valdez opened the store and was guided to the alarm system to turn it off. He was then guided to the cash office and told to open the safe. When Valdez replied that he did not remember the combination, the assailant with the rifle started beating Valdez with the rifle. The other assailant

---

[1] Medina does not challenge the trial court's judgment as to Count III.

appeared and the scuffle subsequently stopped when the two suddenly looked up and then fled.

**CHARGE ERROR**

Medina argues in his sole issue that the trial court erred in charging him both as a party and as a primary actor for the offenses of aggravated kidnapping and aggravated robbery. It appears his complaint is that because the evidence supported a charge that Medina acted as a party but not as a principal because he contends he was only the driver, the charge was erroneous. As his sole support for his argument, Medina relies on the Court of Criminal Appeals opinion in *Jaycon v. State*. *Jaycon v. State*, 651 S.W.2d 803 (Tex. Crim. App. 1983). However, *Jaycon* does not stand for the proposition Medina asserts. In *Jaycon*, the defendant was charged ***only*** as a primary actor to a murder. The Court of Criminal Appeals held the charge was erroneous because there was no evidence that Jaycon was the primary actor. *Id*. at 808. Here, Medina was charged ***both*** as a primary actor and as a party. Thus, the holding in *Jaycon* does not apply to this case.

Further, a trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). In this case, there is some evidence that Medina was a primary actor. Valdez testified that he thought the assailant with the rifle was Medina. That particular assailant held Valdez at gun point and forced him out of his car and then beat

Valdez when he was told to open the safe and replied that he did not know the combination. Medina had been an assistant manager and knew where the alarm was and where the cash office was. When Medina was apprehended later, although he was not dressed in camouflage, he had numbers consistent with a combination in his wallet.

Accordingly, the trial court did not err in charging Medina as a primary actor *and* as a party to the offense. Medina's sole issue is overruled.

The trial court's judgments as to Count I and Count II are affirmed.


       TOM GRAY
       Chief Justice

Before Chief Justice Gray,
   Justice Davis, and
   Justice Scoggins
Affirmed
Opinion delivered and filed November 20, 2014
Do not publish
[CRPM]

